# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6706 | **DATE** | 1-20-11 |
| **CASE TITLE** | George Boatman (K61841) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel [10] is denied without prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff George Boatman has brought a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his diabetes and neuropathy by refusing to allow him to wear medically necessary shoes while he was detained at the Cook County Jail. (Dkt. No. 1). Pending before the Court is plaintiff's motion for appointment of counsel. (Dkt. No. 10). This motion is denied without prejudice.

"There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff has unsuccessfully contacted several law firms seeking representation. He has satisfied the first element of the test.

However, under the second element of the test — the complexity of the case and whether the plaintiff appears competent to litigate it on his own — the Court concludes that recruitment of counsel for plaintiff is not necessary at this time. "The question [for this Court] is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers plaintiff's "competence to litigate his own case" including his "literacy, communication skills, education level, and litigation experience." *Id.*

| STATEMENT |
|---|

Although plaintiff's present motion does not address the second element, the Court can easily address this point. The case is in a simple procedural posture at this time. Plaintiff has successful brought a complaint that states a claim against the defendants and the Marshal is the process of effectuating service on the defendants. There is little for plaintiff, much less appointed counsel, to do other than complete the USM-285 form from the Marshal for service.

In addition, the Court's November 29, 2010 screening order (Dkt. No. 6), noted that plaintiff previously litigated a very similar case, *Boatman v. Dart*, No. 08 C 3630 (N.D. Ill.) (Norgle, J.). That case brought the same claims as this case regarding defendants alleged deliberate indifference to plaintiff's diabetes and neuropathy by failing to allow him to wear medically necessary shoes. The No. 08 C 3630 case related to plaintiff's detention at the Cook County Jail beginning in February 2008. The present case raises a claim involving his detention at the Jail beginning in July 2010. Plaintiff was apparently released from the Jail sometime after 2008 and before 2010. Plaintiff proceeded pro se through the entire No. 08 C 3630 case and obtained a $4,000 settlement in that case. No. 08 C 3630, Dkt. Nos. 63, 65. The present case appears to be very similar to the No. 08 C 3630 case, a case plaintiff successfully handled without the assistance of counsel.